UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELECTRONIC SCRIPTING PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC AMERICA, INC., <br><br> Defendant. | No.  2:21-CV-1045-BJR <br><br> ORDER TRANSFERRING VALVE CORPORATION'S MOTION TO QUASH SUBPOENA TO NORTHERN DISTRICT OF CALIFORNIA |

Before the Court is a motion by Valve Corporation ("Valve") to quash a third-party subpoena issued by Electronic Scripting Products, Inc. ("ESPI").  Dkt. No. 1.  The subpoena was issued in *Electronic Scripting Products, Inc. v. HTC America, Inc.*, No. 3:17-cv-05806-RS (N.D. Cal.), a patent infringement case pending in the U.S. District Court for the Northern District of California.

ESPI requests that the Court transfer this motion to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f), which provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if . . . the court finds exceptional circumstances."  The term "exceptional circumstances" is not defined by Rule 45(f).  However, the Advisory Committee Notes to Rule 45 indicate:

ORDER - 1

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

In determining whether "exceptional circumstances" exist, courts have noted that considerations include "judicial economy, case management, and the risk of inconsistent rulings." *In re Subpoena of Amazon.com*, No. C20-0450JLR, 2020 WL 2410474, at *2 (W.D. Wash. May 12, 2020).

Here, the issues raised in Valve's motion to quash are numerous and complex and, of course, case-specific. ESPI points out that Magistrate Judge Robert Illman of the U.S. District Court for the Northern District of California has been assigned to hear discovery matters in the underlying litigation and, having conducted numerous hearings in this matter, is exceedingly familiar with the case and its facts and thus is in an excellent position to work through the various objections that Valve makes to the subpoena. Considering Magistrate Judge Illman's extensive experience with this case, the Court finds that judicial economy will be best served by having Magistrate Judge Illman rule on the motion to quash.

Further, the fact discovery deadline in the underlying litigation is August 13, 2021, a date that falls only one week after the August 6, 2021 noting date of this motion. Given that a ruling on the motion may present a need to reschedule discovery deadline dates, case management interests weigh in favor of finding that exceptional circumstances warrant transferring this motion to the Northern District of California.

In addition, Valve has not shown that transfer of this motion to the Northern District of California would impose any noticeable burden on it. Although Valve observes that this Court is

ORDER - 2

located near its headquarters in Bellevue, Washington, Valve points to no reason why the physical proximity of a courthouse makes a difference under the circumstances, since in light of the ongoing COVID-19 pandemic, both this Court and Magistrate Judge Illman have been conducting hearings telephonically.[1]

Therefore, the Court finds that exceptional circumstances warrant the transfer of this motion and hereby ORDERS that this matter be transferred to the Northern District of California for consideration in *Electronic Scripting Products, Inc. v. HTC America, Inc.*, No. 3:17-cv-05806-RS (N.D. Cal.).  The Clerk is directed to effect the transfer immediately.

Dated:  August 10, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] ESPI also notes that Valve is represented in this matter by a law firm that has offices in San Francisco.

ORDER - 3